IN THE UNITED STATES DISTRICT COURT
FOR THE SOURTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SABRINA D. HICKMAN, | : Case No. 2:20-cv-4049 |
| Plaintiff, | : Chief Judge Algenon L. Marbley |
| v. | : Magistrate Judge Chelsey M. Vascura |
| COMMISSIONER OF SOCIAL SECURITY, | : |
| Defendant | : |

## OPINION & ORDER

This matter comes before this Court on Plaintiff's Objections (ECF No. 18) to the Magistrate Judge's Report & Recommendation that this Court overrule Plaintiff's Statement of Error and affirm the Commissioner's denial of benefits. Upon *de novo* review by this Court, and for the reasons set forth below, Plaintiff's objections are **OVERRULED**, the Report and Recommendation is **ADOPTED**, and the Commissioner's determination is **AFFIRMED**.

## I. BACKGROUND

Plaintiff, Ms. Sabrina D. Hickman, filed her application for benefits on July 7, 2016, alleging she became disabled on January 8, 2015. (ECF No. 17 at 1). Plaintiff's application was denied initially in November 2016 and again upon reconsideration in January 2017. (*Id.*). After an unfavorable determination in the August 13, 2019 hearing before Administrative Law Judge ("ALJ") Jeannine Lesperance and a subsequent decision by the Appeals council to review the determination, the ALJ's decision became final. (*Id.* at 1–2). The relevant facts concerning Plaintiff's medical records, as well as the ALJ's opinion, are set forth in the Magistrate Judge's Report and Recommendation. (*Id.* at 2-5).

1

Plaintiff filed this case on August 10, 2020, seeking Review of the Commissioner's decision. (ECF No. 4). The Commissioner supplied the administrative record on January 4, 2021. (ECF No. 12), and Plaintiff responded with her Statement of Specific Errors on March 15, 2021. (ECF No. 15). In her Statement of Errors, Plaintiff seeks reversal on the grounds that the ALJ failed to provide good reasons for declining to assign controlling weight to the opinion of her treating physician, Brian Fahey, D.O. (ECF No. 15 at 7). The Commissioner filed an Opposition on April 28, 2021. (ECF No. 16).

On October 30, 2021, Magistrate Judge Chelsey Vascura issued a Report and Recommendation that this Court overrule Plaintiff's Statement of Errors and affirm the decision of the Commissioner. (ECF. No. 17). Plaintiff objects to the Report and Recommendation. (ECF No. 18). Plaintiff's objection rests on the contention that the ALJ failed to provide the requisite good reasons supported by substantial evidence when assigning the opinion of treating physician, Brian Fahey, D.O. less than controlling weight. (*See generally id.*).

## II. STANDARD OF REVIEW

Upon objection to a Magistrate Judge's Report and Recommendation, this Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see* Fed. R. Civ. P. 72(b). This *de novo* review, in turn, requires the Court to "determine whether the record as a whole contains substantial evidence to support the ALJ's decision" and to "determine whether the ALJ applied the correct legal criteria." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013). The Court should defer to the administrative law judge's opinion unless the judge "has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007). Substantial evidence means

relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quotation omitted). Substantial evidence constitutes "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law against the Commissioner if this case were being tried to a jury." *Inman*, 920 F. Supp. 2d at 863 (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)). The findings of the Commissioner, however, are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. *Buxton v. Halter, Comm'r of Soc. Sec.*, 246 F.3d 762, 772 (6th Cir. 2001).

### III. LAW AND ANALYSIS

Plaintiff asserts only one objection to the Report and Recommendation: that the Magistrate Judge erred when she determined the ALJ provided the requisite good reasons supported by substantial evidence when assigning the opinion of her treating physician less than controlling weight. (*See* ECF No. 18). Specifically, Plaintiff takes issue with three specific determinations relating to the opinions of Dr. Fahey: (1) the rejection of Dr. Fahey's opinions regarding her absence from work; (2) the determination that Dr. Fahey's treatment notes were inconsistent with treatment notes documenting her ability to communicate with doctors without being in distress; and (3) the classification of Dr. Fahey's opinions her ability to perform part-time work for years as inconsistent with the evidence of record. (*Id.* at 3). Given these failures, says Plaintiff, her objections should be sustained, and her case remanded back to the Commissioner. (*Id.* at 5). Upon review, however, this Court finds the Magistrate Judge did not err.

Courts within the Sixth Circuit have consistently followed a two-step analysis to determine if a treating physician's opinion is entitled to controlling weight. *Allums v Comm'r of Soc. Sec.*, 975 F. Supp.2d 823, 832 (N.D. Ohio 2013). First, opinions from treating physicians are entitled to

3

controlling weight if the opinion is (1) "wellsupported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "not inconsistent with the other substantial evidence in the case record." 20 C.F.R. § 404.1527(c)(2). Second, if an ALJ does not give a treating physician's opinion controlling weight, they must determine the opinion's weight and provide "good reasons" for the decision. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009). These "good reasons" must be specific and supported by evidence in the case record. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting Soc. Sec. Rul. 96–2p, 1996 WL 374188, at *5). The law does not, however, require the ALJ's conclusion be the only reasonable one. *Blakley*, 581 F.3d 399, 406. Indeed, where reasonable minds could differ and the record evidence could support two different conclusions, the court is obligated to affirm the ALJ's decision. *Waddell v. Comm'r of Soc. Sec.*, No. 1:17-CV-01078, 2018 WL 2422035, at *10 (N.D. Ohio May 10, 2018), report and recommendation adopted, 2018 WL 2416232 (May 29, 2018); see also *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Magistrate Judge found the ALJ reasonably rejected Dr. Fahey's opinion that Plaintiff would be absent four days per month as the opinion was unsupported by objective testing. (ECF No. 17 at 10). Plaintiff objects to this determination, pointing to the frequency and duration of the headaches (one headache a week, lasting 24 hours) and how this is consistent with Dr. Fahey's assertion that she may accumulate four absences a month. (ECF No. 18 at 3). Plaintiff does not, however, address how this opinion is supported by objective testing. The ALJ cites the absence of documentation or objective support for this finding, and the lack of explanation for the projected absenteeism, as the basis for her decision to give this part of Dr. Fahey's opinion partial weight. (ECF No. 17 at 9–10). As reasonable minds could accept this evidence as adequate to support the ALJ's conclusion, this Court finds she met the substantial evidence standard.

4

Plaintiff also challenges the Magistrate Judge's finding that the ALJ was correct to award Dr. Fahey's opinion partial weight on that basis that his notes were inconsistent with evidence documenting her ability to communicate with doctors without being in distress and her ability to perform part-time work. (ECF No. 18 at 4). Plaintiff asserts her part time employment is not inconsistent with Dr. Fahey's opinion, explaining that working part time rather than full time illustrates her inability to work through headaches. (*Id.*). Additionally, Plaintiff indicates that her lack of distress at appointments is not inconsistent with Dr. Fahey's opinions about the severity of her headaches as Plaintiff would not attend doctor appointments when suffering from a debilitating headache. (*Id.*).

While these assertions alone could potentially support a conclusion that Dr. Fahey's findings are, in fact, consistent with the facts in the record, the ALJ references multiple other inconsistencies which led her to discount Dr. Fahey's opinion. First, the ALJ compares Dr. Fahey's opinion regarding absences from work due to headaches with Dr. Goldstein's testimony that the magnitude of the pain, not merely the presence of a headache, would determine whether or not Plaintiff could work full time. (ECF No. 17 at 11). Additionally, the ALJ found Dr. Fahey's diagnosis of memory loss inconsistent with several opinions from consultative examiners, which showed memory scores in the average range or better. (*Id.*).

Where, as here, the ALJ offers the requisite good reason supported by substantial evidence, the court is obligated to affirm her decision. *Waddell v. Comm'r of Soc. Sec.*, No. 1:17-CV-01078, 2018 WL 2422035, at *10 (N.D. Ohio May 10, 2018). Therefore, the Magistrate Judge did not err. Additionally, this court's independent review of the ALJ's findings and record reveals that the ALJ's decision on this matter was supported by substantial evidence in the record.

5

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objections (ECF No. 18) to the Magistrate Judge's Report and Recommendation are **OVERRULED**. The Report and Recommendation (ECF No. 17) is **ADOPTED**, and the Commissioner's determination is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED: February 28, 2022**